**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

                                      )
ETEL LIMA-BRITO DIAS,                 )
                                      )
          Plaintiff,                  )
                                      )
          v.                          )
                                      )   Civil No. 2006-195
WVC ST. JOHN, INC. d/b/a Westin St.   )
John Resort & Villas and STARWOOD     )
VACATION OWNERSHIP, INC.,             )
                                      )
          Defendants.                 )
                                      )
_____)
```

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiff.*

**Bennett Chan, Esq.**
**Michelle T. Meade, Esq.**
St. Thomas, U.S.V.I.
     *For the defendants.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants, WVC St. John, Inc. d/b/a Westin St. John Resort & Villas and Starwood Vacation Ownership, Inc. (together, the "Defendants"), to dismiss Counts Thirteen and Fourteen of the complaint of the plaintiff, Etel Lima-Brito Dias ("Dias").

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dias is a former employee of the Defendants. Dias alleges that she was hired by the Defendants in the Bahamas in 1999, and worked as a sales executive in the Bahamas and St. John, U.S. Virgin Islands. Dias further alleges that she received promotions in 2001 and 2003, attaining a managerial position.

According to the complaint, Dias requested a transfer in June, 2004, to the Defendants' resort on St. John, and was told that there were no equivalent positions available there. Dias subsequently was transferred to St. John and took a sales executive position. Dias alleges that when a managerial position on St. John later became available, the Defendants did not hire her for the position.

In September, 2005, Dias went on unpaid leave due to high blood pressure. According to Dias, the Defendants thereafter informed her that her job performance was unsatisfactory, and terminated her employment in October, 2005. Dias alleges that she was not promoted and was ultimately fired on account of the Defendants' discriminatory practices. Consequently, Dias commenced this fourteen-count action in October, 2006, alleging violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Virgin Islands Wrongful Discharge Act.

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 3

The Defendants now move to dismiss Counts Thirteen and Fourteen pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Count Thirteen asserts a prima facie tort claim. Count Fourteen asserts a violation of public policy.

## II. DISCUSSION

When considering a motion to dismiss pursuant to Rule 12(b)(6), all material allegations in the complaint are taken as admitted, and the Court must construe all facts in a light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hartford Fire Ins. Co. v. Cal.*, 509 U.S. 764, 810 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

**A.   Count Thirteen**

Count Thirteen of Dias's complaint alleges prima facie tort. Prima facie tort is recognized as a cause of action in the Virgin Islands. *Government Guar. Fund of Fin. v. Hyatt Corp.*, 955 F. Supp. 441, 463 (D.V.I. 1997). The Restatement (Second) of Torts

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 4

provides[1]:

> One who intentionally deprives another of his legally protected property interest or causes injury to the interest is subject to liability to the other if his conduct is generally culpable and not justifiable under the circumstances.

RESTATEMENT (SECOND) OF TORTS § 871 (1979). The Restatement also provides:

> One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability.

*Id.* § 870.

To the extent Dias alleges that the Defendants' conduct deprived her of a financial property interest, it appears that Dias alleges a cause of action arising under section 871 of the Restatement.

This Court has explained that "no claim lies for prima facie tort [under section 871] 'where there is objective justification for the conduct of the alleged tortfeasor.'" *Hyatt Corp.*, 955 F. Supp. at 463 (*quoting Avins v. Moll*, 610 F. Supp. 308, 319 (E.D.

---

[1] "The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases in which they apply, in the absence of local laws to the contrary." V.I. CODE ANN. tit. 1, § 4.

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 5

Pa. 1984), *aff'd* 774 F.2d 1150 (3d Cir. 1985)). "The sole motivation for the damaging acts must have been a malicious intention to injure the plaintiff." *Id.* (citing *Marcella v. ARP Films*, 778 F.2d 112, 119 (2d Cir. 1985)). "Moreover, no claim for prima facie tort lies if the action complained of fits within another category of tort." *Id.* (citing *Moore v. A.H. Riise Gift Shops*, 659 F. Supp. 1417, 1426 (D.V.I. 1987) (dismissing a prima facie tort claim where the plaintiff "failed to plead any facts in [the prima facie tort count] to support a claim for another tort in addition to and distinct from the two previously alleged")).

Here, Dias alleges that the Defendants, without any objective justification, committed wrongful and discriminatory acts and omissions that deprived her of a financial property interest. Dias further alleges that the Defendants' acts and omissions "offend common decency and sensibilities." (Compl. ¶ 118.) Finally, Dias alleges that the Defendants' conduct caused her economic losses and emotional distress.

Significantly, the theory of relief asserted in Count Thirteen rests upon facts that are practically identical to those alleged in Count Twelve, which asserts an emotional distress claim. Accordingly, because Count Thirteen is duplicative and materially indistinct from Dias's emotional distress claim,

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 6

Dias's prima facie tort claim will be dismissed. *See*, *e.g.*, *Pourzal v. Marriott Int'l, Inc.*, Civ. No. 2001-140, 2006 U.S. Dist. LEXIS 60231, at *9-10 (D.V.I. Aug. 17, 2006) (noting that "[t]his Court has dismissed tort claims that are duplicative or indistinct from other asserted claims"); *Eddy v. Virgin Islands Water & Power Authority*, 961 F. Supp. 113, 117 (D.V.I. 1997) ("Since Count III is duplicative of Count IV, Count III will be dismissed.").

**B.   Count Fourteen**

Count Fourteen of Dias's complaint alleges a violation of public policy. Specifically, Dias alleges that the Defendants' treatment of her

> because of her gender, race, color and disability violates the public policy of the United States of America, as evidenced, inter alia, by Title VII and the ADA, which are part of the public policy of the United States made applicable to the United States Virgin Islands by Section 3 of the Revised Organic Act of 1954, and also violates other public policies of the U.S. Virgin Islands.

(Compl. ¶ 121.)

The Defendants contend that Count Fourteen must be dismissed, and rely in part on *Joseph v. Tropical Shipping & Construction Co.*, Civ. No. 86-189, 1988 U.S. Dist. LEXIS 18465 (D.V.I. July 20, 1988). In that case, as here, the plaintiffs alleged common-law wrongful discharge claims premised on violations of public policy. That public policy was derived in

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 7

part from the Virgin Islands Wrongful Discharge Act, V.I. CODE ANN. tit. 24, § 61, *et seq*. (the "WDA"). In dismissing the plaintiffs' claims, this Court held that

> where . . . there exist distinctive federal and state (territorial) statutory remedies to address [a wrongful discharge], a common law action for wrongful discharge premised on discrimination, is not available.

*Id.* at *3.[2] The Court expounded on the rationale behind its holding:

> [I]f a common law action for the same claims were recognized, it would give the claimant an opportunity to circumvent the carefully drafted legislative procedures.

*Id.* at *4 (quotations and citations omitted).

Here, the parties do not dispute, and the Court agrees, that "the United States Virgin Islands clearly maintains a public policy against . . . discrimination."[3] *Bostic v. AT&T*, Civ. Nos.

---

[2] The *Joseph* Court cited *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 376-77 (3d Cir. 1987), which reasoned: "Given the comprehensive remedies available under the state and federal statutes, we find it unlikely that New Jersey would expand its wrongful discharge doctrine, which is a narrow exception to the employment at will rule, to include an action for age discrimination." The *Joseph* Court also cited *Wolks v. Saks Fifth Ave., Inc.*, 728 F.2d 221, 223-24 (3d Cir. 1984), which held that where a comprehensive administrative state and federal statutory remedy is available to a plaintiff to obtain redress for sexual harassment, no common law action will lie for a wrongful discharge claim under Pennsylvania law.

[3] Indeed, that policy is reflected in the Virgin Islands Code:

> The Legislature hereby finds and declares that the

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 8

01-226 and 99-191, 2003 U.S. Dist. LEXIS 25477, at *18 (D.V.I. Apr. 15, 2003); *see also Joseph*, 1988 U.S. Dist. LEXIS 18465, at *2 (noting that "employment discrimination clearly violates Virgin Islands public policy").

    Dias does not specify the public policy of the United States or the Virgin Islands upon which she relies in Count Fourteen. Elsewhere in her complaint, however, Dias alleges violations of the WDA. To the extent Dias's public policy claim is premised on an alleged wrongful discharge, the WDA unambiguously provides that any employee who is discharged for reasons other than those enumerated shall be considered to have been wrongfully discharged. *See* V.I. CODE ANN. tit. 24, § 76(c). Termination of employment based on disability is not included as one of the lawful grounds for discharge in the WDA.[4] The WDA is thus

---

      territory has the responsibility to act to assure that
      every individual within this territory is afforded an
      equal opportunity to enjoy a full and productive life
      and that failure to provide such equal opportunity,
      whether because of discrimination, prejudice,
      intolerance or inadequate education, training, housing
      or health care not only threatens the rights and proper
      privileges of its inhabitants but menaces the
      institutions and foundation of a free democratic state
      and threatens the peace, order, health, safety and
      general welfare of the territory and its inhabitants.

V.I. CODE ANN. tit. 10, § 61.

    [4]  Specifically, section 76 of the WDA provides, in pertinent part:

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 9

sufficiently broad to provide a remedy for an alleged violation of public policy based on disability discrimination, or, for that matter, any other sort of discrimination. As such, Dias is precluded from asserting a public policy cause of action for wrongful discharge based on discrimination.[5] *See, e.g., Bostic*,

---

> (a) Unless modified by union contract, an employer may dismiss any employee:
>    (1) who engages in a business which conflicts with his duties to his employer or renders him a rival of his employer;
>    (2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;
>    (3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;
>    (4) who wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer; provided, however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;
>    (5) who performs his work assignments in a negligent manner;
>    (6) whose continuous absences from his place of employment affect the interests of his employer;
>    (7) who is incompetent or inefficient, thereby impairing his usefulness to his employer;
>    (8) who is dishonest; or
>    (9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.

V.I. CODE ANN. tit. 24, § 76.

   [5]  Even if Dias's claims were not precluded by the availability of a remedy for her discrimination claims under Virgin Islands law, the availability of such a remedy as provided by federal law would preclude those claims. *See, e.g., Violette v. Int'l Bus. Machines Corp.*, 962 F. Supp. 446, 449-50 (D. Vt.

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 10

2003 U.S. Dist. LEXIS 25477, at *19-21 (dismissing a common-law sex discrimination claim because the WDA provided a remedy for that claim). Accordingly, Count Fourteen of the complaint will be dismissed.

---

1996) ("[B]ecause discrimination claims are unknown at common law and are solely statutory creations, Plaintiff's claim is preempted by the [ADA]."), *aff'd* 116 F.3d 466 (2d Cir. 1997); *see also Santos v. Praxair Surface Technologies, Inc.*, Civ. No. 04-350, 2005 U.S. Dist. LEXIS 5354, at *7-9 (D. Conn. Mar. 31, 2005) ("Because the plaintiff may obtain a remedy under [the ADA], his common law wrongful discharge claim is preempted."); *Carvalho v. International Bridge & Iron Co.*, Civ. No. 99-605, 2000 U.S. Dist. LEXIS 4419, at *19 (D. Conn. Feb. 25, 2000) (holding that "a common law wrongful discharge claim . . . is not available" where that claim could be brought under the ADA). Accordingly, Dias's violation of public policy claim based on discrimination is also preempted by the ADA. *See, e.g., Fenton v. C&C Construction & Maintenance, Inc.*, Civ. No. 96-791, 2007 V.I. LEXIS 9, at *23 (V.I. Super. Ct. Apr. 4, 2007).

Furthermore, the parties appear to have glossed over the fact that Dias does not in fact appear to allege that she even has a disability. The only allegation regarding Dias's physical condition is the following:

> During a routine medical checkup, Plaintiff's doctor was alarmed at how high her blood pressure was and ordered Plaintiff to immediately and indefinitely go on high blood pressure medication, to rest, and to limit her exposure to the sun.

(Compl. ¶ 33.)

Even taking all of Dias's allegations as true and making every possible inference in Dias's favor, as the Court must, that allegation is "so vague [and] undefined that the Court is forced to assume what disability is alleged." *See, e.g., Matheson v. Virgin Islands Community Bank, Corp.*, 297 F. Supp. 2d 819, 826-27 (D.V.I. 2003) (dismissing an ADA claim alleging disability discrimination where the plaintiff failed to allege an actual disability).

*Dias v. WVC St. John, et al.*
Civil No. 2006-195
Memorandum Opinion
Page 11

## IV. CONCLUSION

For the reasons stated above, Counts Thirteen and Fourteen will be dismissed.  An appropriate order follows.


                                                S_____
                                                  **Curtis V. Gómez**
                                                      **Chief Judge**


copy:     Karin A. Bentz, Esq.
             Bennett Chan, Esq.
             Michelle T. Meade, Esq.